WILLIAM WALLACE PETERS v. CATHERINE SCOBLE, GUARD.

ALLOWANCE TO MOTHER FOR SUPPORT OF HER STEP-SON.

The rule which permits a widowed mother without means or income other than that resulting from her own labor, to charge the estate of her child for support and education, is applicable to one who by her own exertions has supported a step-son until he was sixteen years of age.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Johnson & Levy,** for plaintiff in error.
**Dempsey, Mallon & Vordenberg,** for defendant in error.

**JELKE, J.**

This case comes into this court upon error from the court of common pleas. William Wallace Peters was the son of William Wallace Peters, who was married to Catherine Scobel June 22, 1882, when the boy was four years old. In December, 1882, the boy's father died, leaving a policy of insurance for $3,000. Gabriel Dirr was appointed guardian for the boy's estate, and received the proceeds of this insurance. In June, 1883, Gabriel Dirr resigned, and Catherine Scobel, mother of the step-mother of the boy, was appointed guardian of his person and estate, and there was turned over to her the sum of $2,141.73. From the time of her marriage to the boy's father, the step-mother took charge of said minor and raised, supported, and educated him until he was sixteen years old, when he ran away. It seems that during this period, Catherine Peters and her mother Catherine Scobel, worked for their own and the boy's living, by keeping a boarding house. The said sum of $2,141.73, together with other money borrowed from a building association, was invested in a house, which they used as their home, and for the carrying on of the business of keeping boarders. Hard times coming on, and with the depreciation of real estate, the building association mortgage swept this house away, with the minor's estate which was invested in it.

In December, 1904, the guardian, by proceedings in the probate court, was compelled to file an account, which she did by charging the boy's support, maintenance and education against the sum received by her, thereby more than exhausting the same.

It is contended on behalf of plaintiff in error that inasmuch as the step-mother has always stood *in loco parentis*, no charge can be made for the boy's maintenance, support and education. We have had occasion recently in a somewhat similar case, to consider the law applicable to cases of this kind. See the case of *Spink* v. *Spink*, 28 O. C. C. 94.

We are also guided in our conclusion largely by the law laid down in Schouler, Dom. Rel. (Ed. 1889), Secs. 238, 239.

It is clear that courts of chancery in matters of this kind, always show special favor to the widowed mother, and if the child has property, and the mother has no estate nor income other than that provided by her own labor and exertions, willingly permit her to charge the main-

Peters v. Scoble.

tenance and support of the minor child against its estate. "Each case must depend on its own facts."

We are of opinion that the facts of this case justify the charge made by the guardian in her account, and the court of probate did right in allowing the same, and the court of common pleas in recasting said account and allowing these claims was also right.

The judgment of the court of common pleas will therefore be affirmed.

**Swing** and **Giffen, JJ.,** concur.

---

## CARRIERS—CONTRACTS.

[Hamilton (1st) Circuit Court, June 2, 1906.]

Jelke and Giffen, JJ.

(Judge Swing not sitting.)